IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>KNOX ROSS, JR., FRANK BOYD, MEGAN HALL, MICHAEL ADAMS, JERRY NORWOOD, MARGIE WARREN, JAMES RAY HARRELL, EDWARD JONES<br><br>  Defendants. | Case No. 3:22-cv-747-HTW-LGI |

## COMPLAINT

Plaintiff, Travelers Casualty and Surety Company of America ("Travelers"), by and through its undersigned counsel, alleges the following for its Complaint against Defendants Knox Ross, Jr., Frank Boyd, Megan Hall, Michael Adams, Jerry Norwood, Margie Warren, James Ray Harrell, and Edward Jones (collectively, the "Indemnitors"):

### I. PARTIES

1. Travelers is a Connecticut corporation with its principal place of business in the State of Connecticut, and Travelers is registered to do business in the State of Mississippi. Travelers's principal place of business is located at Travelers's corporate headquarters located in Hartford, Connecticut, which is the location from which Travelers's high level officers direct, control, and coordinate Travelers's activities. Thus, Travelers is a citizen of Connecticut for the purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

2. Upon information and belief, Knox Ross, Jr. is a citizen of the State of Mississippi and can be served with process at 219 Lake Road, Pelahatchie, MS 39145. Mr. Ross served as an elected public official for the Town of Pelahatchie, Mississippi (the "Town").

3. Upon information and belief, Frank Boyd is a citizen of the State of Mississippi and can be served with process at 209 Clayton Street A, Pelahatchie, MS 39145. Mr. Boyd served as an elected public official for the Town.

4. Upon information and belief, Megan Hall is a citizen of the State of Mississippi and can be served with process at 312 Warren Ave., Pelahatchie, MS 39145. Ms. Hall served as an elected public official for the Town.

5. Upon information and belief, Michael Adams is a citizen of the State of Mississippi and can be served with process at 103 Clayton St., Pelahatchie, MS 39145. Mr. Adams served as an elected public official for the Town.

6. Upon information and belief, Jerry Norwood is a citizen of the State of Mississippi and can be served with process at 504 Lockwood Ave., Pelahatchie, MS 39145. Mr. Norwood served as an elected public official for the Town.

7. Upon information and belief, Margie Warren is a citizen of the State of Mississippi and can be served with process at 111 Barrow St., Pelahatchie, MS 39145. Ms. Warren served as an elected public official for the Town.

8. Upon information and belief, James Ray Harrell is a citizen of the State of Mississippi and can be served with process at 201 Shields St. Ext., Pelahatchie, MS 39145. Mr. Harrell served as an elected public official for the Town.

9. Upon information and belief, Edward Jones is a citizen of the State of Mississippi and can be served with process at 704 College Street, Pelahatchie, MS 39145. Mr. Jones served as an elected public official for the Town.

## II. JURISDICTION AND VENUE

10. This Court possesses original jurisdiction over the claims asserted in Travelers's Complaint pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and the matter is a controversy between citizens of different states.

11. This Court possesses the power to declare the respective rights and other legal relations of Travelers as requested herein pursuant to 28 U.S.C. § 2201(a).

12. Venue is proper in the United States District Court for the Northern District of Mississippi, Greenville Division pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 104(b)(1) because (a) the Indemnitors reside in the Southern District of Mississippi, Northern (Jackson) Division (Hinds County), and (b) a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Mississippi.

## III. FACTUAL ALLEGATIONS

### The Indemnity Agreements and the Bonds

13. Each of the Indemnitors was an elected official for Pelahatchie, Mississippi.

14. Indemnitors Ross, Boyd, Hall, Adams, Norwood, and Warren served as public officials for the Town from 2013 to 2017 (the "2013-17 Terms").

15. Indemnitors Adams, Boyd, Harrell, Jones, and Warren served as public officials for the Town from 2017 through 2021 (the "2017-2021 Terms").

16. Mississippi law requires each elected public official to secure a public official's bond for their elected term.

17. In order to obtain the required public official's bonds, each of the Indemnitors executed a Public Official Application and Indemnity Agreement (individually, the "Indemnity Agreement" and, collectively, the "Indemnity Agreements"). A copy of each of the Indemnity Agreements is attached hereto as collective **Exhibit 1**.

18. In reliance upon the respective Indemnity Agreements, Travelers issued the following public official's bonds for the 2013-17 Terms (the "2013-17 Bonds"):

| Bond No. | Principal | Penal Sum |
|---|---|---|
| 105935609 | Knox Ross, Jr. | $50,000 |
| 105935610 | Frank Boyd | $50,000 |
| 105935611 | Megan Hall | $50,000 |
| 105935612 | Michael Adams | $50,000 |
| 105935613 | Jerry Norwood | $50,000 |
| 105935614 | Margie Warren | $50,000 |

A copy of each of the 2013-17 Bonds is attached hereto as collective **Exhibit 2**.

19. In reliance upon the respective Indemnity Agreements, Travelers issued the following public official's bonds for the 2017-21 Terms (the "2017-21 Bonds"):

| Bond No. | Principal | Penal Sum |
|---|---|---|
| 106719521 | Michael Adams | $50,000 |
| 106719522 | Frank Boyd | $50,000 |
| 106719523 | James Ray Harrell | $50,000 |
| 106719524 | Edward Jones | $50,000 |
| 106719525 | Margie Warren | $50,000 |

A copy of each of the 2017-21 Bonds is attached hereto as collective **Exhibit 3**. All of the 2013-17 Bonds and the 2017-21 Bonds are referred to individually as the "Bond" and, collectively, the "Bonds."

20. Under the Indemnity Agreements, each Indemnitor is obligated to indemnify and hold Travelers harmless from any and all loss, including attorneys' fees, incurred as a result of the issuance of the respective Bond(s) on their behalf. Specifically, the Indemnity Agreements provide:

> The Indemnitors will at all times indemnify and exonerate [Travelers] from and against any loss, cost and expense of whatever kind which it may incur or sustain as a result of or in connection with the furnishing of the Bond and/or the enforcement of this Agreement, including unpaid premiums, interest, court costs and counsel fees, and any expense incurred or sustained by reason of making any investigation. To this end Indemnitors promise: a) to promptly reimburse [Travelers] for all sums paid and b) to deposit with [Travelers] on demand an amount sufficient to discharge any claim made against [Travelers] on the Bond. This sum may be used by [Travelers] to pay such claim or be held by [Travelers] as collateral security against loss or cost on the bond.

21. The Bonds, respectively, assured the Town that the Indemnitors would perform their duties and obligations of the office to which they were elected.

22. The Auditor of the State of Mississippi (the "State Auditor"), on behalf of the Town, made demand on Travelers under the Bonds.

23. On April 4, 2019, the State Auditor and the Town filed a lawsuit against Travelers, under the Bonds, and the Indemnitors (Chancery Court for Hinds County, Mississippi Cause No. 25CH1:19-cv-00421, the "Lawsuit").

24. Pursuant to the demand by the State Auditor and the claims made in the Lawsuit, Travelers paid the following amounts under the Bonds, which amounts total $550,000:

| **Bond No(s)** | **Principal** | **Total Payment** |
|---|---|---|
| 105935609 | Knox Ross, Jr. | $50,000 |
| 105935610 & 106719522 | Frank Boyd | $100,000 |
| 105935611 | Megan Hall | $50,000 |
| 105935612 & 106719521 | Michael Adams | $100,000 |

5

| | | |
|---|---|---|
| 105935613 | Jerry Norwood | $50,000 |
| 105935614 & 106719525 | Margie Warren | $100,000 |
| 106719523 | James Ray Harrell | $50,000 |
| 106719524 | Edward Jones | $50,000 |

**Breach of the Indemnity Agreement**

25. Prior to payment under the Bonds, Travelers made demand upon the Indemnitors to deposit collateral pursuant to the Indemnity Agreements. A copy of each of the respective collateral demands, each dated October 26, 2018, is attached hereto as collective **Exhibit 4** (the "Collateral Demands").

26. On or about December 6, 2022, Travelers made demand on Indemnitors to indemnify Travelers for its losses related to the issuance of each of the Bonds and for the attorneys' fees incurred as a result of the issuance of the Bonds and enforcement of the Indemnity Agreements (which amount totals $60,772 as of November 30, 2022).

27. The attorneys' fees incurred by Travelers were incurred in defense of the collective claims under the Bonds and in prosecution of the indemnity obligations under the Indemnity Agreements. Therefore, each Indemnitor is jointly and severally liable to reimbursement and indemnify Travelers for its attorneys' fees (totaling $60,772 as of November 30, 2022), the sum paid under their respective Bond(s) (as set forth in paragraph 24 above) and the costs and fees incurred in pursuing this lawsuit to enforce the Indemnity Agreements.

28. To date, the Indemnitors have not honored their obligations under the Indemnity Agreements to either (i) fully and completely discharge Travelers from the Bonds, (ii) deposit collateral to protect Travelers from loss, or (iii) reimburse and indemnify Travelers for the amounts

paid under the Indemnitor's respective Bond(s) and attorneys fees' incurred by Travelers ($60,772 as of November 30, 2022).

29. Accordingly, Travelers now brings this action to enforce its rights under the Indemnity Agreement and to otherwise protect Travelers from loss.

## IV.    CLAIMS FOR RELIEF

### COUNT 1:  BREACH OF THE INDEMNITY AGREEMENT

30. Travelers re-alleges and incorporates by reference all prior allegations contained in the paragraphs 1-29 as if fully set forth herein.

31. Under the Indemnity Agreements, the Indemnitors are obligated to indemnify and exonerate Travelers from and against any and all loss, cost and expense of whatever kind which it may incur or sustain as a result of or in connection with the furnishing of the Bond(s) for each of the Indemnitor.

32. To date, Travelers has incurred and continues to incur liability for losses, fees, costs, and expenses (including attorney's fees) as a result of or in connection with the furnishing of the Bonds.

33. The Indemnitors' failure to exonerate, hold harmless, indemnify and keep indemnified Travelers constitutes a material breach of the Indemnity Agreement.

34. Travelers has been damaged and continues to be damaged by the Indemnitors' breach of the Indemnity Agreement in an amount to be proven at trial but no less than the following with respect to each individual Indemnitor:

| **Principal** | **Payment Under Bonds Plus Attorneys' Fees (as of November 30, 2022)** |
|---|---|
| Knox Ross, Jr. | $50,000 + $60,772= **$110,772** |

| Frank Boyd | $100,000 + $60,772= **$160,772** |
|---|---|
| Megan Hall | $50,000 + $60,772= **$110,772** |
| Michael Adams | $100,000 + $60,772= **$160,772** |
| Jerry Norwood | $50,000 + $60,772= **$110,772** |
| Margie Warren | $100,000 + $60,772= **$160,772** |
| James Ray Harrell | $50,000 + $60,772= **$110,772** |
| Edward Jones | $50,000 + $60,772= **$110,772** |

35. Therefore, Travelers is entitled to the entry of judgment against the Indemnitors, jointly and severally, in an amount stated above, plus prejudgment interest and attorneys' fees accruing after November 30, 2022 (including the fees and expenses incurred in the prosecution of this lawsuit).

## COUNT 2: COMMON LAW INDEMNITY

36. Travelers re-alleges and incorporates by reference all prior allegations contained in the paragraphs 1-35 as if fully set forth herein.

37. The Indemnitors are obligated, as a matter of law, to indemnify and exonerate Travelers from and against any and all payments made as a result of or in connection with the furnishing of the Bond(s) for each of the Indemnitor.

38. The Indemnitors have failed to indemnify Travelers for its losses and payments under the Bonds.

39. Travelers has been damaged and continues to be damaged by the Indemnitors' breach of their indemnity obligations in an amount to be proven at trial but no less than the following with respect to each individual Indemnitor:

| Principal | Payment Under Bonds Plus Attorneys' Fees (as of November 30, 2022) |
|---|---|
| Knox Ross, Jr. | $50,000 + $60,772= **$110,772** |
| Frank Boyd | $100,000 + $60,772= **$160,772** |
| Megan Hall | $50,000 + $60,772= **$110,772** |
| Michael Adams | $100,000 + $60,772= **$160,772** |
| Jerry Norwood | $50,000 + $60,772= **$110,772** |
| Margie Warren | $100,000 + $60,772= **$160,772** |
| James Ray Harrell | $50,000 + $60,772= **$110,772** |
| Edward Jones | $50,000 + $60,772= **$110,772** |

40.     Therefore, Travelers is entitled to the entry of judgment against the Indemnitors, jointly and severally, in an amount stated above, plus prejudgment interest and attorneys' fees accruing after November 30, 2022 (including the fees and expenses incurred in the prosecution of this lawsuit).

WHEREFORE, PREMISES CONSIDERED, Travelers prays for the following relief:

a)     For the issuance of process requiring the Indemnitors to answer Travelers's Complaint;

b)     For the entry of judgment against the Indemnitors, jointly and severally, in an amount sufficient to fully exonerate and indemnify Travelers from and against any and all liability for losses and/or expenses of whatsoever kind (including, but not limited to, interest, court costs, and counsel fees) and from and against any and all such losses and/or expenses which Travelers may sustain by reason of having executed or procured the execution of the Bonds, which amount will be proven at trial but shall be no less than the following as to each Indemnitor:

| Principal | Payment Under Bonds Plus Attorneys' Fees (as of November 30, 2022) |
|---|---|
| Knox Ross, Jr. | $50,000 + $60,772= **$110,772** |

| Frank Boyd | $100,000 + $60,772= **$160,772** |
| --- | --- |
| Megan Hall | $50,000 + $60,772= **$110,772** |
| Michael Adams | $100,000 + $60,772= **$160,772** |
| Jerry Norwood | $50,000 + $60,772= **$110,772** |
| Margie Warren | $100,000 + $60,772= **$160,772** |
| James Ray Harrell | $50,000 + $60,772= **$110,772** |
| Edward Jones | $50,000 + $60,772= **$110,772** |

c) For such further relief, both general and specific, as may be appropriate in accordance with the nature of this cause including, but not limited to, pre-judgment and post-judgment interest.

Respectfully submitted,

/s/ Adrienne B. Fazio
Adrienne B. Fazio, MS Bar No. 101745
Manier & Herod
1201 Demonbreun St., Ste. 900
Nashville, TN 37203
615-244-0030 (Phone)
615-242-4203 (Fax)
afazio@manierherod.com

*Attorney for Plaintiff, Travelers Casualty and Surety Company of America*